UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80762-CIV-CANNON/Reinhart

**HARVEY M. SHELDON**,
and **GAIL SHELDON**,

    Plaintiffs,
v.

**UNITED AIRLINES, INC.**,

    Defendant.
_____/

**ORDER ACCEPTING IN PART MAGISTRATE JUDGE'S
OMNIBUS REPORT AND RECOMMENDATION [ECF No. 69]**

**THIS CAUSE** comes before the Court upon Plaintiffs' and Defendant's Cross Motions for Summary Judgment [ECF Nos. 46, 49], as well as the following additional pre-trial motions: Plaintiffs' Daubert Motion [ECF No. 48], Defendant's Motions to Strike Plaintiffs' Expert Reports [ECF Nos. 42, 43], and Defendant's Motion to Exclude the Opinions and Expert Testimony of Plaintiff's expert Dr. Thomas Jenkyn [ECF Nos. 44] (collectively, the "Motions").  The Motions were referred to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 68].  On September 3, 2024, Judge Reinhart issued a report recommending that Defendant's Motion for Summary Judgment be granted, Plaintiff's Motion for Summary Judgment be denied, and the parties' other pre-trial motions be denied as moot (the "Report") [ECF No. 69].  Plaintiffs filed Objections to the Report [ECF No. 73], and Defendant filed a Response to Plaintiffs' Objections [ECF No. 74].  The Court has reviewed the Report [ECF No. 69], Plaintiff's Objections [ECF No. 73], Defendant's Response [ECF No. 74], and the full record.  For the reasons set forth below, the Report [ECF No. 69] is **ACCEPTED IN PART**, Defendant's Motion for Summary Judgment [ECF No. 46] is **GRANTED**, Plaintiff's Motion for Summary Judgment [ECF No. 49]

is **DENIED AS MOOT**, and the parties' additional pre-trial motions [ECF Nos. 42, 43, 44, 48] are **DENIED AS MOOT**.

### RELEVANT BACKGROUND[1]

This case stems from the landing of a United Airlines flight from Chicago to West Palm Beach in March 2022 [ECF No. 47]. Plaintiff Harvey Sheldon ("Mr. Sheldon") was seated in an upright position with his seat belt on when the plane landed, at which point he "felt the onset of his alleged injury as a bolt of electricity had gone through his spine" [ECF No. 47 ¶¶ 7–8]. Plaintiffs allege, and Defendant disputes, that the plane landed at "an extremely hard and fast speed" [ECF No. 47 ¶ 7 (quoting ECF No. 11-1 ¶¶ 16–18)]. As Defendant notes in its Statement of Material Facts, "Mr. Sheldon walked off the Aircraft with his briefcase on his own and without reporting an alleged injury or hard landing to the flight crew," he "loaded his fifteen to twenty pound luggage into a vehicle to go home," and during the seven months after the flight, "Mr. Sheldon golfed at least ten times" and engaged in other physical activity and travel [ECF No. 45 ¶¶ 7–9, 34].[2] But "[i]n the weeks and months after this flight," Mr. Sheldon, then 79 years old, "began complaining of tingling, numbness, and weakness in his hands and had problems with his gait" [ECF No. 47 ¶¶ 9, 11]. Ultimately, he was diagnosed with cervical stenosis and underwent a laminectomy [ECF No. 47 ¶ 10].

In April 2023, Plaintiffs (Mr. Sheldon and his wife, Mrs. Sheldon) filed the underlying action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, bringing claims for negligence and loss of consortium against Defendant [ECF No. 1-1]. Defendant timely removed

---

[1] These facts are taken from the Joint Statement of Undisputed Facts [ECF No. 47], unless otherwise noted.

[2] *See, e.g.*, [ECF No. 69 pp. 6–7 (chronicling four flights taken by Mr. Sheldon and one long road trip)]; [ECF No. 69 p. 7 (describing how Mr. Sheldon walked his daughter down the aisle and danced at her wedding)].

2

the action to this Court [ECF No. 1]. The Court then issued its Scheduling Order [ECF No. 18 (as modified by ECF No. 41)] requiring the exchange of expert witness reports by March 5, 2023, and rebuttal expert witness reports by March 19, 2023. Shortly thereafter, Defendant moved to strike Plaintiff's March 5 and supplemental May 22 Reports—that of Dr. Jenkyn—as conclusory under Federal Rule of Civil Procedure 26(a)(2)(B), and in regard to the May 22 Report only, as untimely under Rule 16(b) and improper under Rule 26(e) [ECF Nos. 42, 43]. Fed. R. Civ. P. 26(a)(2)(B) (requiring expert reports to contain a complete statement of all opinions and the "basis and reasons for them," along with additional information); Fed. R. Civ. P. 16(b) (requiring scheduling order); Fed. R. Civ. P. 26(e) (imposing a duty to supplement disclosures and responses, including as to expert reports). Defendant also moved to exclude Dr. Jenkyn's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) [ECF No. 44]. Fed. R. Evid. 702 (requiring expert to be qualified, the methodology to be sufficiently reliable, and the evidence to assist the trier of fact in determining a fact at issue). In June 2024, both parties moved for summary judgment [ECF Nos. 46, 49]. The summary judgment motions as well as the parties' pre-trial, evidentiary motions are ripe for review.

## LEGAL STANDARDS

### I.    Report and Recommendations

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report,

the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## II. Summary Judgment

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed R. Civ. P. 56(a). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). It is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). At summary judgment, the moving party has the burden to prove the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

The non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252. "For factual issues to be considered genuine, they must have a real basis in the record." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (internal quotation marks omitted). Speculation or conjecture cannot create a genuine issue of material fact. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). The moving party has the initial burden of showing the absence of a genuine issue as to any material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In assessing whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001). Once the

moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); Fed. R. Civ. P. 56(e), (c). In that instance, a non-moving party's failure to produce evidence for an essential element of a claim warrants summary judgment in favor of the moving party. *Celotex Corp.*, 477 U.S. at 323.

## DISCUSSION

Magistrate Judge Reinhart's Report concludes that Plaintiff's Motion for Summary Judgment should be denied and that Defendant's Motion should be granted [ECF No. 69]. At a high level, the Report determines that "Plaintiffs have not offered competent evidence that the plane was operated negligently," leaving no genuine issue of material fact that United Airlines did not breach its duty to Mr. Sheldon [ECF No. 69 p. 7].

Plaintiffs make four arguments in opposition to Magistrate Judge Reinhart's recommendation. First, Plaintiffs argue, as they did on summary judgment, that there is no genuine issue of material fact that Defendant breached its duty to Plaintiffs, relying entirely on Mrs. Sheldon's sworn deposition [ECF No. 73 pp. 1–3]. Second, Plaintiffs argue that, even if they were required to produce evidence of Defendant's negligence, the absence of evidence "is a result of United's own actions," and therefore the *res ipsa loquitor* doctrine applies, presumably obviating Plaintiff's need to demonstrate duty and breach of duty [ECF No. 73 pp. 3–4]. Third, Plaintiffs assert that Defendant's "only argument as to why it could not have breached its duty of care" is the absence of a "hard landing," which illustrates that Defendant did not meet its burden [ECF No. 73 p. 4].[3] Finally, Plaintiff argues that the Report's causation analysis was too cursory and afforded

---

[3] The parties spill much ink over the meaning of a "hard landing." It can have a literal meaning—the landing was rough and forceful—or it can have a technical meaning specific to the airplane industry—"an engineering term of art that is concerned with damage to aircraft, rather than injury to human beings" [ECF No. 54 p. 7]. The Court agrees with Magistrate Judge Reinhart's determination on the matter, reproduced here: "Regardless, that term is not material to resolving

5

undue weight to the fact that Mr. Sheldon had pre-existing back injuries and was physically active immediately following the alleged injury [ECF No. 73 p. 6].

In response, Defendant argues that Plaintiffs cite only to their own anecdotal declarations, as opposed to legal authority or expert testimony of Defendant's supposed breach of duty [ECF No. 74 p. 5]. Next, it argues that Plaintiffs' *res ipsa* arguments are entirely new, only presented to the Court in objection to the Report, warranting no judicial consideration [ECF No. 74 p. 7]. Finally, Defendant argues that Plaintiff's remaining arguments—based on the overall weighing of pre- and post-injury behavior and Defendant being responsible for the lack of evidence—are a rehashing of old arguments and without merit [ECF No. 74 pp. 9, 10]. The Court addresses each in turn.

First, the Court agrees with the Report that Plaintiffs failed to meet their burden on summary judgment—with or without Mrs. Sheldon's deposition. As articulated by Magistrate Judge Reinhart, Plaintiffs failed to come forward with evidence to create a genuine issue of material fact that United breached its duty of care to Plaintiffs [ECF No. 69 p. 7]. Plaintiffs argue that the Report should have considered not only Mr. Sheldon's interrogatory response, but both of Plaintiffs' depositions [ECF No. 73 p. 3]. Upon review of the record—and paying careful attention to Mrs. Sheldon's deposition [ECF No. 45-4] as requested by Plaintiffs—there is no basis to disturb the Report's conclusion. The testimony of both Plaintiffs simply recounts their respective

---

the motions for summary judgment. As one element of Count I's negligence cause of action, Plaintiffs must prove that United breached its duty of care by operating the plane in a way that fell below the highest degree of care consistent with the practical operation of a plane. They can meet this burden without proving that a 'hard landing' (as that term may be defined for engineering purposes) occurred. But the absence of such a 'hard landing' may be evidence that United complied with its duty of care. In sum, the ultimate question is whether United negligently operated the flight, not whether a 'hard landing' (however defined) occurred" [ECF No. 69 pp. 4–5].

experiences of an allegedly forceful landing, without indicating any action on the part of Defendant from which a jury could infer a breach of Defendant's duty of care.

Second, Plaintiffs attempt to overcome their lack of evidence by arguing that evidence of negligence is not needed at all due to the *res ipsa loquitor* doctrine. *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1180 (11th Cir. 2020) ("Res ipsa loquitur—Latin for 'the thing speaks for itself'—is an evidentiary doctrine that permits a trier of fact to infer a defendant's negligence from unexplained circumstances."). Three criteria are necessary before Plaintiffs can invoke this doctrine: "(1) the injured party was without fault, (2) the instrumentality causing the injury was under the exclusive control of the defendant, and (3) the mishap is of a type that ordinarily does not occur in the absence of negligence." *United States v. Baycon Indus., Inc.*, 804 F.2d 630, 633 (11th Cir. 1986). Plaintiffs fall short on the third prong. They come forward with no evidence, as the Report noted, that suggests the landing on March 31, 2022, is an event "of a type that ordinarily does not occur in the absence of negligence." *Id.* Without foreclosing the application of res ipsa loquitur in the airline context writ large, what is clear is that the event as pled in this case is not a quintessential res ipsa event—for example, a barrel of flour falling from a roof and onto someone's head, *Byrne v. Boadle*, 2 H. & C. 722, 159 Eng. Rep. 299 (1863), or a train derailing from its tracks, *McDougald v. Perry*, 716 So. 2d 783, 786 (Fla. 1998). Planes routinely undergo forceful landings absent a breach of duty from the pilot commanding them, and Plaintiffs come forward with nothing but speculation to suggest otherwise.[4] *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("'Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.'") (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir. 1995)). Given that the Florida Supreme Court

---

[4] To be clear, the Court does not conclude that a forceful landing occurred here. It does not, and need not, categorize the nature of the landing because Plaintiffs fail to show evidence of Defendant's negligence.

has cautioned that res ipsa is "of extremely limited applicability," Plaintiffs cannot use this doctrine to make up for the lack of record evidence suggesting a breach of duty by United. *Goodyear Tire & Rubber Co. v. Hughes Supply, Inc.*, 358 So. 2d 1339, 1341 (Fla. 1978).

Third, Plaintiffs argue that, on Defendant's Motion for Summary Judgment, Defendant fixates on the fact that the plane did not make a "hard landing" to distract from its failure to provide affirmative evidence that it did not breach its duty of care [ECF No. 73 pp. 4–5]. This argument is without merit and misunderstands the parties' respective burdens on cross motions for summary judgment. On Defendant's Motion for Summary Judgment, Defendant, as the movant, must provide record evidence to suggest the *absence* of a genuine issue of material fact, *see Allen*, 121 F.3d at 646; then, Plaintiff, as the non-movant, must come forward with evidence showing a genuine issue of material fact if it wishes to defeat summary judgment, *see Celotex Corp.*, 477 U.S. at 323. Applied here, Defendant needs to demonstrate that there is no genuine issue of material fact that United did not breach its duty to Plaintiffs when landing the plane, and Plaintiffs must provide at least some evidence to overcome that assertion, or at the very least, demonstrate that a triable question remains as to whether the plane was landed negligently. Defendant submitted deposition testimony of the United Airlines staff aboard the plane, all of whom testified that "they do not recall a hard landing or anything abnormal about the Flight, and they would recall a hard landing had one occurred" [ECF No. 45 ¶ 29 (citing Flight Crew depositions)]. Defendant also submitted (1) a statement from another passenger on the flight who said that she does not recall a hard landing or a landing that could have caused an injury [ECF No. 45-16]; (2) deposition testimony from the pilot of the flight who said that he did not recall anything out of the ordinary on this flight [ECF No. 45-5]; and (3) an expert witness report from Edward Davidson concluding that it "is unlikely that a hard landing was experienced" and that United complied with the required landing protocols identified in his expert report [ECF No. 45-87 pp. 17–20]. This evidence, taken

together, establishes that no reasonable juror could conclude that United breached its duty to Plaintiffs by negligently landing the plane. But then the burden shifts to Plaintiffs, who fail to demonstrate that a reasonable juror could find a breach of duty. Plaintiffs point to their experience feeling a hard landing, but as stated above, their deposition testimony does not touch on any actions by United Airlines before, during, or after the flight that would constitute a breach of duty. Plaintiffs also rely on the report of a "biomechanical expert" (Dr. Jenkyn), who merely concludes that the landing could have caused the alleged injuries, not what led to the landing in the first place [ECF No. 57-6 p. 38 ("The accelerations acting on Mr. Sheldon's head and torso . . . are all consistent with an acute traumatic injury to the neck during the landing of Flight UA2298 on March 31, 2022.")]. Neither item of evidence is sufficient to disrupt the Report's well-reasoned conclusion that Plaintiffs have failed to create a genuine fact issue on United's allegedly negligent landing.

Finally, Plaintiffs claim that the Report did not sufficiently consider Plaintiffs' causation evidence [ECF No. 73 p. 5]. The Court need not reach the question of causation as described in Plaintiffs' Motion for Summary Judgment (or in Plaintiffs' objections to the Report), because the grant of summary judgment in favor of Defendant on Defendant's Motion for Summary Judgment is dispositive of Plaintiffs' claims in this action, even viewing the facts in the light most favorable to Plaintiffs [ECF No. 69 p. 11].

Following de novo review, the Court agrees with the Report that judgment as a matter of law on Plaintiffs' claim for negligence is warranted in Defendant's favor. And because loss of consortium is derivative of the negligence claim, that claim fails as well. *See Faulkner v. Allstate Ins. Co.*, 367 So. 2d 214, 217 (Fla. 1979).

CASE NO. 23-80762-CIV-CANNON/Reinhart

**CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 69] is **ACCEPTED IN PART**, in accordance with this Order.

2. Defendant's Motion for Summary Judgment [ECF No. 46] is **GRANTED**. This ruling is dispositive of all of Plaintiffs' claims in this action.

3. Plaintiffs' Motion for Summary Judgment [ECF No. 49] is **DENIED AS MOOT**.[5]

4. Plaintiffs' *Daubert* Motion [ECF No. 48], Defendant's Motions to Strike Plaintiffs' Expert Reports [ECF Nos. 42–43] and, Defendant's Motion to Exclude the Opinions and Expert Testimony of Dr. Thomas Jenkyn [ECF No. 44] are **DENIED AS MOOT**.

5. Final judgment to follow.

**ORDERED** in Chambers at Fort Pierce, Florida, this 27th day of January 2025.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

---

[5] The grant of summary judgment in favor of Defendant on Plaintiffs' claims renders unnecessary any disposition on Plaintiffs' Motion for Summary Judgment. Accordingly, the Court need not adopt the Report's causation-specific recommendations concerning the flight and Mr. Sheldon's injuries.